## Case No. 11,467.

### In re PULVER.

[3 Ben. 65; 2 N. B. R. 313 (Quarto, 101); 1 Chi. Leg. News, 139.] [1]

District Court, S. D. New York. Dec. 18, 1868.

BANKRUPT'S FINAL OATH — CERTIFICATE OF CONFORMITY.

1. Where, on the return of an order to show cause why a bankrupt should not be discharged, creditors, who had proved their debts, appeared and claimed time to file specifications of objection, and objected to the bankrupt's taking the final oath, and to the register's giving a certificate of conformity: *Held*, that the oath required by section 29 of the bankruptcy act [of 1867 (14 Stat. 531)] must be taken and produced to the register, and he must then certify conformity or non-conformity.

2. If specifications in opposition were filed, the certificate of conformity should be that the bankrupt had conformed. except in the particulars covered by the specifications.

---

2 [From 1 N. B. R. 46.]

1 [Reported by Robert D. Benedict. Esq., and here reprinted by permission. 1 Chi. Leg. News, 139, contains only a partial report.]

In this case the register certified to the court, that, on the return before him of the order to show cause why a discharge should not be granted to the bankrupt [Eugene Pulver] creditors, who had proved their debts, appeared and claimed ten days to file specifications of objection; that the bankrupt asked that the final oath be administered to him, and the register give a certificate of regularity and conformity; but that the creditors objected that that could not be done until the court had passed upon the questions to be raised by the specifications. The register thought the objection not well taken, and certified the question to the court.

By CHARLES L. BEALE, Register:

[2] [I, Chas. L. Beale, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following questions arose pertinent to the said proceedings, and were stated and agreed to by the counsel for the opposing parties, to wit: Mr. E. P. Magoun, who appeared for the said bankrupt, and Messrs. Collier & Chase, who appeared for the opposing creditors of said bankrupt. In this matter several creditors have proved their claims against the bankrupt, and prior to June 22d, A. D. 1868, had obtained an order for said bankrupt to appear on that day and submit to an examination touching the disposition of his property. Such examination was then had and continued, on the 2d day of July, since which time the contesting creditors have remained passive until now. In August or September the bankrupt petitioned for his final discharge, the usual order of reference was made to me, and by me an order to show cause was granted, returnable this day. Under the same, notice was given to the contesting creditors, who now appear to oppose the discharge and claim the ten days within which to file their specifications. The bankrupt asks that the final oath be administered to him, that the register grant the certificates of regularity and conformity, and make up and file the record. The opposing creditors object to said oath being administered and to the granting of said certificate, on the ground, 1st, that the same is premature, and should not be so taken or granted until the decision of the judge or jury upon the questions to be raised by said creditors in opposition to said discharge had been made; 2d, also that, if otherwise, the final oath of the bankrupt might be used upon the hearing of the questions raised by the contestants upon the testimony taken on the examination of bankrupt; 3d, also, that the register cannot prejudge the question of regularity or conformity on the part of the bankrupt, as to the disposition or delivery to the assignee of all his property in good faith. I am disposed to regard this objection as untenable, according to the spirit of the decision in Re Hughes [Case No. 6,841], a bankrupt, that the oath should be administered, the certificate granted, and all the papers returned into court in like manner as if there were no opposition. The oath and the certificates are formal merely, and the regularity and conformity of which such certificates are the assurance, relate simply to the fact that the proceedings of the bankrupt in court under the act are regular and conform to the established rules and practice. Such certificates do not discharge the bankrupt. The order of discharge is granted by the judge after an examination by him of all the papers. In cases where there is no opposition to the discharge, the judge would grant such order without delay; but in this case the register returns with the other papers, the examination of the bankrupt taken at the instance of the opposing creditors, the appearance of such creditors on the day when they are required to show cause, and also their specifications of the grounds of their opposition to the discharge of the bankrupt, whereupon the court will make an order as to the entry of said case for trial as provided in general order No. 24. Thenceforth the register is divested of all jurisdiction in the matter. He should therefore complete the formalities of the proceeding so far as it appertains to him to do so, and the hearing and decision of the judge and jury will finally determine its merits. I am also of the opinion that objections 2 and 3 are not well taken, for the reason that after the court shall make an order as to the entry of the case for trial on the docket of the district court, neither the "oath nor certificates" can be used in favor of or adverse to the bankrupt's discharge (rule 16, as amended). And the same parties requested that the same should be certified to the judge for his opinion thereon.] [2]

BLATCHFORD, District Judge. The oath required by section 29 to be taken and subscribed by the bankrupt is to be produced to the register, and he is then to certify conformity or non-conformity. If specifications in opposition are filed, and the bankrupt has conformed, in the judgment of the register, to all the requirements of law, and to all his duty under the act, the register is to certify that he has so conformed, except in the particulars covered by the specifications.

---

PUMPHREY (REBECCA v.). See Case No. 11,620.

PUMPHREYS (UNITED STATES v.). See Case No. 16,097.

---

[2] [From 2 N. B. R. 313 (Quarto, 101).]

[2] [From 2 N. B. R. 313 (Quarto, 101).]